Dear Mr. Kliebert:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for research and reply.
You request an interpretation of the law concerning the status of a member of the South Louisiana Port Commission who is appointed pursuant to LSA-R.S. 34:2471. In your letter, you relate that the person presently serving in this appointed position has not been confirmed by the concurrence of the parish council and is a "holdover" for over five years. You inquire as to whether a vacancy in this position exists.
LSA-R.S. 34:2471(A)(1) provides:
 "The terms of all commissioners shall be concurrent with that of the governor in office on the effective date of this Subsection. Thereafter, the successors of all of the commissioners shall be appointed for four-year terms. Any subsequent vacancy on the commission for any reason shall be filled for the unexpired portion of the term in the same manner as the original appointment."
This office has previously observed that, technically, a vacancy exists where the term of office of a member appointed to the South Louisiana Port Commission has expired pursuant to the terms of the statute. However, the person holding the office continues to serve until the new appointee is confirmed. LSA-R.S. 42:2 provides:
 "Every public officer in this state except in case of impeachment or suspension, shall continue to discharge the duties of his office until his successor is inducted into office."
Although a person's term has expired, he shall continue to serve as a holdover until a new member is named and confirmed by 2/3 vote of the parish council, in accordance with the provisions of LSA-R.S. 34:2471. This conclusion is supported by previously released Attorney General Opinions Numbers 89-44 and 92-253, copies of which we enclose for your reference.
Your request presents a slightly different issue for review. You state the person in question has never been "confirmed" by 2/3rds vote of the parish council. This person has served as a holdover for over five years. In order to become a member of the commission, and to be in strict compliance with the statute, this person should have received the concurrence of two-thirds of the members of the parish council. LSA-R.S. 34:2471(A)(1).
Because he has not received the required concurrence of the parish council, this office is of the opinion that the person in question does not hold a position as a confirmed member of the commission. For this reason, a vacancy exists in this position. A new appointee should be designated by the parish president and confirmed by a 2/3rds vote of the parish council, as required by law.
We hope this interpretation of the law will be helpful to you. Should you have further questions, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0114E